Eshelman v. The Chicago, Rock Island & Pacific R'y Co.

1. **Jury:** NOT LESS THAN TWELVE: CODE, § 2793: CONSTITUTIONALITY. The jury contemplated by the constitution is the jury recognized by the common law, which is constituted of twelve men. It follows that a verdict by a jury of less than twelve men is of no effect unless the objection is waived, and that § 2793 of the Code, authorizing a verdict from ten or eleven jurors, when the jury has been reduced to that number by sickness, is in conflict with the constitution.

2. ———: SUBMISSION OF CAUSE TO ELEVEN MEN: OBJECTION NOT WAIVED. Where one of the jurors was sick and absent, and defendant objected to proceeding with eleven jurors, it did not waive the objection by moving for judgment upon a special verdict returned by the eleven.

3. **Practice in Supreme Court:** INSUFFICIENCY OF PETITION: OBJECTION TOO LATE. An objection that the petition is not sufficient to sustain the verdict cannot be urged for the first time in this court.

*Appeal from Jefferson Circuit Court.*

FRIDAY, OCTOBER 23.

ACTION to recover for certain cattle killed by a train upon

defendant's railroad, at a place where the right to fence existed. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Wilson & Hinkle*, for appellant.

*J. B. McCoy* and *R. F. Ratcliff*, for appellee.

BECK, CH. J.—I.  The record shows that after the evidence and arguments of counsel were submitted to the jury upon Saturday, they were permitted to separate until Monday, when it appeared that one of them was sick and unable to attend court.  Thereupon the sick juror was discharged, and the court, against defendant's objection, submitted the cause to the remaining eleven jurors.  This is now complained of as error.

II.  The jury contemplated by the constitution is the jury recognized by the common law, which is constituted of twelve

1. JURY : not less than twelve: Code, § 2793: constitutionality.

persons.  In securing the right of trial by jury, that instrument gives no authority to the legislature to provide for a less number than twelve jurors. It was ruled by this court twenty-seven years ago that a jury consisted of twelve persons, and that a verdict of a less number was of no effect unless the objection was waived.  *Cowles v. Buckman*, 6 Iowa, 161.  The doctrine of this case has never been brought in question since its decision.  It follows that Code, § 2793, authorizing a verdict from ten or eleven jurors, when the jury has been reduced to that number by sickness, is in conflict with the constitution.

III.  It is insisted by plaintiff that this objection was waived by defendant by a motion for judgment upon a special

2. ——— : submission of cause to eleven men : objection not waived.

verdict.  We think differently.  The defendant objected to the jury at the proper time because of the absence of one juror.  But the objection was overruled.  It was not then required to abandon the defense of the case, but was authorized to contest it even before an unlawful jury, and to insist upon all objec-

tions arising upon the trial. It was authorized to ask a verdict at the hands of such jury, and a judgment thereon, and this was all it did by the motion for judgment upon the special findings.

IV. The defendant insists that the petition is defective, and not sufficient to support the verdict, in that it fails to aver that the cattle killed went upon the railroad track and were killed by reason of defendant's failure to fence the road at a point where it had the right to construct fences. But this objection was not raised upon upon demurrer, and it is not clear that it was raised in the motion in arrest of judgment. We do not, therefore, pass upon it. Other objections are not considered, for the reason that the alleged errors cannot again occur in another trial.

3. PRACTICE in supreme court: insufficiency of petition: objection too late.

For the error in submitting the case for verdict to eleven jurors, the judgment of the circuit court is

REVERSED.