Kelsh v. The Town of Dyersville.

1. **Jury**: LESS THAN TWELVE IN CASE OF SICKNESS: CODE, § 2793, UN-CONSTITUTIONAL: RIGHT OF MUNICIPAL CORPORATION TO OBJECT. Section 2793 of the Code, so far as it provides for a trial with ten or eleven jurors, when the jury has been reduced to that number by sickness, is in conflict with the constitution; (following *Eshelman v. Chicago, B. & Q. R'y Co.*, 67 Iowa. 296;) and a municipal corporation has an equal right with a natural person to raise the objection.

*Appeal from Dubuque Circuit Court.*

FRIDAY, DECEMBER 18.

WHILE walking on a sidewalk in one of the streets of the defendant town, plaintiff fell and sustained certain injuries. She alleges that the fall and injury were occasioned by a defect which defendant negligently permitted to exist in said sidewalk, and she prosecutes this action to recover damages therefor. She recovered a verdict and judgment in the circuit court. Defendant appeals.

*J. D. Alsop, James H. Shields* and *McCeney & O'Donnell*, for appellant.

*Utt Bros.* and *S. M. Pollock*, for appellee.

REED, J.—The cause came on for trial on the sixteenth of June, 1883. On that day a jury was impaneled to try the cause, and counsel for the respective parties made their opening statements. The court then adjourned until the eighteenth of the same month. When it convened on that day, and the jurors were called into the box, it was ascertained that one of the number had been taken sick during the adjournment, and that he was not able to perform his duties as a juror. The court thereupon ordered that he be discharged, and that the trial proceed with the remaining eleven jurors. Defendant objected to so much of the order as required the parties to try the cause with eleven jurors, and now assigns the same as error. In making the order, the circuit court proceeded, doubtless, under the provisions of section 2793 of the Code, which provides that the course pursued by the court may be taken when, during the progress of the trial, a juror becomes incapacitated by sickness from discharging his duties. In the recent case of *Eshelman v. Chicago, B. & Q. R. Co.*, 67 Iowa, 296, we held that the section, so far as it assumes to empower the court to compel the parties to proceed with the trial with less than twelve jurors, is in conflict with section 9 of the bill of rights. Counsel for plaintiff contend, however, that, as municipal corporations are mere creatures of legislation, whose powers may be modified, or changed, or taken away entirely at the pleasure of the legislature, they are in no position to question the constitutionality of the statute under which the court acted in making the order. They argue that, as the legislature has absolute power over these corporations, it would be competent for it to provide that claims against them should be passed upon by any tribunal which it might choose to create for that purpose, and that the finding or allowance by such tribunal should be conclusive upon them; hence, that the statute in question, which provides as to them a tribunal for the assessment of the damages, invades none of their rights. Or, stated in another form, the argu-

ment is that such corporations have no constitutional guaranty of the right of trial by jury; that all their rights are statutory; and, as the question of defendant's liability to plaintiff for the injury complained of, and the amount of her damages, have been passed upon by a tribunal created by statute, it has no grounds·for complaint.

We do not deem it material to inquire as to the soundness of counsel's premises. We think their conclusions would not follow if the premises were conceded. The legislature has not provided for the creation of any special tribunal to which questions of difference between municipal corporations and other parties shall be submitted for determination. It has conferred upon such corporations the power to sue and be sued, and it has provided that their rights and liabilities, shall be determined by the ordinary tribunals in the manner prescribed by law for the determination of the rights and liabilities of natural persons. The legislation of the state confers upon them the right of trial by jury, whether that right is preserved to them by the constitution or not. Existing statutes confer upon them the right to have questions affecting their property interests passed upon by juries constituted in the same manner as are the juries for the trial of questions affecting the rights of natural persons. The law has made no distinction between the two classes of persons in this respect, and we think it clear that, until provision is made by law for the trial of questions affecting the rights and liabilities of municipal corporations in a different manner, or by different tribunals, than those provided for the trial of rights of natural persons, such corporations will have the right of trial by a constitutional jury.

The judgment of the circuit court will be reversed and the cause remanded.

REVERSED