## CONNERS v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

1. **Jury Trial**: RIGHT TO IN SUPERIOR COURT: TRIAL BY TWELVE: CONDITIONS. The constitutional right to a trial by a jury composed of twelve persons is not violated by section sixteen, chapter 143, Laws of 1876, as amended by section six, chapter twenty-four, Laws of 1882, providing that the jury for the trial of causes in the superior court shall consist of six qualified jurors, unless one of the parties demands a jury of twelve; but that the party making such demand, to entitle him to a trial by twelve, must deposit with the clerk an amount sufficient to pay the additional expense caused thereby. (Compare *Adae v. Zangs*, 41 Iowa, 536; *Steel v. Central Iowa Ry. Co.*, 43 Iowa, 109.)

2. **Instructions**: ISSUES ELIMINATED FROM CASE. Where an instruction asked is relevant to an issue made by the pleadings, but is not pertinent to the case as made by the evidence, and the question to which it relates has been eliminated from the case by the instructions given, such instruction should be refused.

3. **Railroads**: DEATH OF BRAKEMAN: RISKS ASSUMED: HIGH SPEED. In an action for the death of a brakeman, where there was evidence tending to establish the claim that, owing to the condition of the track, the defendant was negligent in running its train at so great speed, *held* that it was error to give an instruction which expressed the doctrine that the decedent assumed the risk of the dangers incident to the speed at which the train was run; the dangers assumed by decedent being such only as were incident to the operation of the road in a reasonably prudent and careful manner.

4. **Instructions**: TAKING CASE FROM JURY: DUTY OF COURT. It is error for the court to instruct the jury that if they find a certain state of facts the plaintiff cannot recover, when the uncontradicted evidence establishes that very state of facts. In such case it is the duty of the court to direct a verdict for defendant.

5. **Appeal**: PRACTICE: CHALLENGING RECORD AFTER AMENDMENT. Where appellee, in an amended abstract, set out portions of the evidence which he claimed were omitted from appellant's abstract, *held* that he could not then be permitted to deny that the evidence was properly preserved, or to say that it was not all before the court. (See cases cited in opinion.)

*Appeal from Cedar Rapids Superior Court.*—HON. JOHN T. STONEMAN, Judge.

FILED, MAY 10, 1888.

ACTION for the recovery of damages on account of the death of plaintiff's intestate, who was killed while in defendant's employ as a brakeman by the derailing of the train on which he was employed. There was a general verdict for plaintiff. The jury also returned certain special findings on which defendant moved for judgment, notwithstanding the general verdict, which motion was sustained by the superior court. On plaintiff's appeal that judgment was reversed, and the cause remanded. (See 71 Iowa, 490.) Plaintiff then moved in the superior court for judgment on the general verdict, which motion was sustained and defendant appeals.

*S. K. Tracy*, for appellant.

*Bowman & Swisher*, for appellee.

REED, J.—I. The defendant filed a plea to the jurisdiction of the superior court on the ground that it

1. JURY trial: right to in superior court: trial by twelve: conditions.

was entitled to have the cause tried to a jury of twelve. It did not, however, deposit or offer to deposit any sum of money with the clerk to pay the additional expenses which would be caused by a trial to a jury of that number. Section sixteen, chapter 143, Acts of Sixteenth General Assembly, as amended by section six, chapter twenty-four, Acts Nineteenth General Assembly, provides that the jury for the trial of causes in the superior court shall consist of six qualified jurors, unless one of the parties demands a jury of twelve, but that the party making such demand must, to entitle him to a trial to a jury of that number, deposit with the clerk an amount sufficient to pay the additional expenses caused thereby. It was contended that this provision is in conflict with section nine of the bill of rights, which declares that "the right of

trial by jury shall remain inviolate." It has been held that the jury contemplated by that provision is the jury as constituted at common law, consisting of twelve persons. *Eshelman v. Chicago, R. I. & P. Ry. Co.*, 67 Iowa, 296 ; *Kelsh v. Town of Dyersville*, 68 Iowa, 137. It has also been held, however, that it is not violated by a requirement that the party who enjoys the right received by it pay the expense incident to such enjoyment. *Adae v. Zangs*, 41 Iowa, 536 ; *Steel v. Central Iowa Ry. Co* , 43 Iowa, 109. The statute in question does not deny the right. It simply requires the party who would enjoy it to secure the public against the cost and expense incident to his enjoyment of it.

II. The accident in which the intestate was killed occurred on a curve in the track of defendant's road, near Northwood. A side track was connected with the main track by a switch at the curve. The locomotive and the seven leading cars in the train were thrown from the track, and the engineer and the intestate, who was first brakeman, were caught in the wreck, and killed. The allegations of negligence contained in the petition are that the track at the point where the accident occurred was constructed and left in a dangerous condition ; that the train was being run at the time at a dangerous and reckless rate of speed, and at a rate forbidden by the rules of the company ; and that the engine was new and stiff, and did not readily adapt itself to the curve in the track. On the trial the defendant asked, but the court refused to give, the following instruction :

2. INSTRUCTIONS: issues eliminated from case.

"It is claimed by plaintiff that the accident happened on a curve, and that the locomotive was new and stiff, and would not readily adapt itself to the curve where the accident happened. You are charged as to this that if, at other times before this, this locomotive had been run over this curve attached to freight trains, without difficulty or accident, and that it then adapted itself to this curve, then the fact that the engine was new and stiff would not be sufficient to justify you in

finding defendant guilty of negligence in using it to haul freight trains at the place where the accident happened.''

We do not find it necessary to inquire whether this instruction correctly expresses the law, for in no event was the defendant prejudiced by the refusal to give it. Plaintiff did not offer any evidence of the condition of the engine, and the court, on its own motion, instructed the jury that plaintiff was not entitled to recover unless he had proven that defendant was guilty of negligence, either in the operation of the train or as to the condition in which the track was maintained, and the injury was caused by such negligence. While the instruction was relevant to the issue as made by the pleadings, it was not pertinent to the case as made by the evidence, and, by the instructions given, the question to which it relates was eliminated from the case, and it was properly refused.

III. The court also refused to give the following instruction asked by defendant : "If this locomotive had frequently passed over this curve, but on this occasion it ran off the track while passing speedily over it, and this accident happened from no other cause, then you are directed that such accident was one of the risks which Conners, as a brakeman, undertook in this business of railroading, and plaintiff cannot recover therefor, and your verdict should be for defendant." The risks which Conners assumed when he entered defendant's employment were such as were incident to the business of operating the railroad when conducted in a reasonably prudent and careful manner. He did not assume the risks of such dangers as might be created by negligence or mismanagement in its operation. The instruction does not contain this latter qualification. The doctrine expressed by it is that decedent assumed the risk of the dangers incident to the speed at which the train was run. That is true if defendant was not negligent in running at that rate of speed. But the complaint was that, owing to the condition of the track, it was an act

**3. RAILROADS:** death of brakeman: risks assumed: high speed.

of neglect to run the train over it at that speed, and there was evidence tending to establish that claim. We think the court did right in refusing the instruction.

IV. The defendant asked the court to instruct that under the law and undisputed evidence plaintiff was not entitled to recover, which the court refused to do. The court, however, gave the following instruction:

"If you find from the evidence that under the rules or regulations of the defendant's road, of which

**4. INSTRUCTIONS: taking case from jury: duty of court.** decedent had knowledge, or that from the instructions to the decedent from the conductor of the train in question, or other superior officer of the railroad company authorized to give such instructions to decedent, it was made the duty of the decedent, as brakeman, when entering a station, or passing through it, to be on the top of the train to attend to the brakes, and that he knowingly disobeyed such rules and instructions, and neglected his duty by remaining in the locomotive cab, and was there injured while disobeying said rules and instructions, then plaintiff cannot recover, and your verdict should be for defendant."

The undisputed evidence is that the deceased was in the cab when the locomotive left the track. The fireman, who was the only person in the cab at the time, who survived the accident, so testified, and the conductor, who was on top of a car at the rear end of the train, testified that he was not on top or at the brakes. Counsel for plaintiff contended that the jury might have found otherwise from the circumstance that his body was found under the wreck of a car between the point where the locomotive left the track and where it lay in the ditch after the accident. But that circumstance does not tend to contradict the positive testimony of the witnesses. The evidence is also uncontradicted that the deceased had been instructed by the conductor of the train that it was his duty when the train was approaching a station to go on top of the cars, and be ready to apply the brakes. The very state of

facts, then, was established, without any conflict in the evidence, which the court told the jury in the instruction would defeat all right of recovery. Under the theory adopted by the court as to the law, there was no question upon which the parties were entitled to go to the jury. Instead of submitting the case to the jury, then, for determination, it was the duty of the court to direct the verdict. It is proper, in this connection, to say that the instruction given by the court is in accord with the holding of this court in *O'Neill v. Keokuk & Des M. Ry. Co.*, 45 Iowa, 546. I am not fully satisfied of the correctness either of the holding in that case or the instruction given, but I unite in the conclusion that under that theory nothing remained for the court to do but to take the case from the jury. What is here said is not in conflict with what was said on the former appeal. We then had nothing before us but the special findings, and it did not appear from those that the deceased, by remaining in the cab, was acting] in violation of any rule or instruction of the company.

V. Appellee, in an amended abstract, alleged that the evidence was not preserved by bill of exceptions.

5. **APPEAL:** practice: challenging record after amendment.

He, however, set out portions of the evidence, which he claimed were omitted from appellant's abstract. Having done that, the rule is that he will not be permitted to deny that the evidence was properly preserved, or say that it is not all before us. *Starr v. City of Burlington*, 45 Iowa, 87; *Cross v. Burlington & S. W. Ry. Co.*, 51 Iowa, 683; *Wells v. Burlington, C. R. & N. Ry. Co.*, 56 Iowa, 420; *Roberts v. Leon Loan & Abstract Co.*, 63 Iowa, 76; *Wilson v. Palo Alto County*, 65 Iowa, 18.

REVERSED.