(Decided 4th February, 1892.)

JOHN C. GORDY *vs.* THE NEW YORK, PHILADELPHIA
AND NORFOLK RAILROAD COMPANY.

*Injury to Brakeman—Rules of Railroad Company—Evi-*
*dence of Custom—Obligation of Employé to Conform to*
*the Rules of his Employer.*

In an action by a rear brakeman or flagman of a freight train, to
recover for injuries he sustained in going from the inside of
the car to the top by ladder strips, evidence to show that it
was customary for the rear breakman or flagman to ride inside
of the rear car is inadmissible, the rules of the company, with
which he was furnished, requiring that the brakeman must not
leave his brakes while the train is in motion, nor take any other
position on the train than that assigned him by the conductor,
and declaring that the post of the rear brakeman or flagman is
on the last car in the train, which he must not leave except to
protect the train.

An employé, when he enters the service of his employer, and
accepts the book of rules prescribing his duties and the manner
of performing them, obligates himself to observe and conform to
such rules, according to the plain terms thereof, and not accord-
ing to what may have been a customary practice among other
employés regardless of the express requirements of the rules.

Gordy *vs.* New York, Phila. and Norfolk R. R. Co.

APPEAL from the Circuit Court for Wicomico County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, FOWLER, McSHERRY, and BRISCOE, J., for the appellant, and submitted on·brief for the appellee.

*Robert P. Graham*, and \**Harry L. D. Stanford*, for the appellant.

*John W. Crisfield*, for the appellee.

·ALVEY, C. J., delivered the opinion of the Court.

This action was brought to recover for an injury suffered by the plaintiff, while acting as rear brakeman on a freight train of cars of the defendant, and which injury was caused, as alleged, by the negligence of the defendant.

It was shown in proof that the plaintiff was in the service of the defendant in 1886, as rear brakeman or flagman, and that, on the night that the accident occurred, the train on which the plaintiff was employed was moving from Delmar, and was approaching Salisbury; that he was in the rear car with the conductor, in the act of cleaning one of his lamps, when the whistle sounded, and the conductor told him he had better go to his brakes;—one of which was on the top of the car, and the other was on the platform at the end of the car;—and neither of these brakes could be reached except by going from the inside to the top of the car, and then to the one on the platform; that, in ascending the side of the car, where ladder strips were placed to get on top of the car, he was struck by the projecting roof of a freight shed erected on the platform of the

*Present, but did not speak, as the appellee submitted on brief.

Gordy *vs.* New York, Phila. and Norfolk R. R. Co.

road of the defendant, between the track on which the train was running, and the track of the W. & P. Railroad; that he was seriously injured, and disabled to work for several weeks. The plaintiff also proved that the car on which he was at the time he was directed to go to the brakes was the rear car of the train, and that it had no door at the end, and there was no way to get on top of the car except by leaving the inside by way of the side door, and from thence getting on top of the car, as he did by the ladder strips. That he had complained to the train-master of this state of things, and that the latter had promised that a different kind of car, or caboose car, should soon be furnished;

The plaintiff in his testimony referred to the rules of the defendant, furnished to the plaintiff and other employés, for their government in the performance of their duties; and identified the book of rules produced as that with which he had been furnished, and which rules were in force at the time the accident occurred.

Among the rules prescribed for the government of freight conductors, is No. 227, which declares: "They must station the brakemen at their respective posts on their trains, and see that they keep their positions and use the brakes properly, particularly when descending heavy grades." And among the rules prescribed for the government of brakemen on freight trains are these:

"244. They must not leave their brakes *while the train is in motion,* nor take any other position on the train than that assigned them by the conductor.".

"246. The post of the rear brakeman (or flagman) is on the last car in the train, *which he must not leave* except to protect the train. He must be provided with and display the required signals on the rear of the train, and in case of detention or accident, must immediately go back, as per rules Nos. 93 and 95, without waiting for a signal from the engineman, or instruc-

tions from the conductor. The front brakeman is charged with the duty of protecting the front of the train in like manner, whenever the fireman is unable to leave the engine.''

In the course of the trial two exceptions were taken by the plaintiff, both from rulings upon questions as to the admissibility of parol evidence offered by him to show in what manner the rules recited had been construed and applied in practice by the employés of the defendant. The Court rejected the proffered evidence as being inadmissible to control the terms of the rules furnished the employés of the defendant for their government while on duty; and in these rulings we perceive no error.

There does not appear to be any ambiguity in the terms of these rules, such as would justify the admissibility of extrinsic evidence to show to what state of case they are applicable, or how they should be applied. They are intended as means to be enforced for the protection of the train, the public, and all those engaged in conducting the movement of the train; and therefore no lax or variable construction of such rules should be allowed. The plaintiff when he entered the service of the defendant, and accepted the book of rules prescribing his duties and the manner of performing them, obligated himself to observe and to conform to such rules, according to the plain terms thereof, and not according to what may have been a customary practice among other employés, regardless of the express requirements of the rules. By the evidence offered and rejected, it was attempted to be shown that it was customary for the rear brakeman or flagman to ride inside of the rear car; and that since the accident a car or caboose is used by the defendant on this route, so constructed that if the brakeman or flagman should ride on top he would be unable to get to his brakes. This testimony

Carroll *vs.* Else & Co.

was quite immaterial on questions as to the proper construction of the rules; and the Court did right in excluding it from the jury. The plain requirement of Rule 244 is, that the brakeman shall not leave his brakes while the train is in motion, nor take any other position on the train than that assigned him by the conductor; and by Rule 246 it is declared that the post of the rear brakeman or flagman is on the last car in the train, which he must not leave except to protect the train. His position is a most important one, next to that of the engineman himself. His duty is to protect the train, and all following trains, both by the use of signals and the application of the brakes; and he should be, as the rule requires, constantly in position to use the means at his command to accomplish the objects intended. This important duty could hardly be performed by a person who rides inside a closed or box car, from which there is no exit, except from a side door, and thence by ladder strips to the top of the car. The brake on the platform, or on the top of the car, were positions at which the plaintiff was required to be, and not to be closed up inside the car.

*Judgment affirmed.*

(Decided 4th February, 1892.)