John Conners, Administrator, Appellee, v. Burling-
ton, Cedar Rapids & Northern Railway
Company, Appellant.

1. **Railroads:** INJURY TO BRAKEMAN: CONTRIBUTORY NEGLIGENCE BY
VIOLATION OF RULES: INSTRUCTIONS TO JURY. In an action against
the defendant for killing one of its brakemen by the negligent derail-
ment of a train, *held*, that the court properly refused to instruct the
jury that, even if the decedent did not contribute to the cause of the
derailment, yet, if he was killed by voluntarily remaining in the cab
of the locomotive, in violation of the defendant's rules and regula-
tions, and thus contributed to his own death, the verdict should be
for the defendant, since such instruction ignored the fact that such
rules and regulations may not have been known to the decedent.

2. ———: ———: DUTY TO AVOID RESULTS OF NEGLIGENCE: INSTRUC-
TIONS TO JURY. In such action, the court instructed the jury that, if
the brakeman remained in the engine cab in violation of the regula-
tions of the defendant, and until it was too late for him, by applying
the brakes, to slacken the speed of the train sufficiently to avert the
accident, and the engineer knew the fact, and could, by the exercise
of ordinary care, have averted the accident, but failed to do so, the
negligence of the brakeman would not defeat a recovery. *Held*, that
the instruction was properly given, since the evidence showed that
the engineer knew the facts, but made no effort to reduce the speed
of the train.

*Appeal from Linn District Court.*—Hon. J. H. Preston,
Judge.

Saturday, January 21, 1893.

Action to recover damages resulting from the
death of the plaintiff's intestate, which is alleged to
have been caused by negligence on the part of the
defendant. There was a trial by jury, and a verdict
and judgment in favor of the plaintiff. The defendant
appeals.—*Affirmed.*

*S. K. Tracy* and *J. C. Leonard*, for appellant.

*Rickel & Crocker*, for appellee.

Robinson, C. J.—At the time of his death the decedent, Michael Conners, was in the employment of the defendant as head brakeman on one of its freight trains.   On the night of the thirtieth day of October, 1885, his train approached Northwood from the north; and at or near a point where the main track curves, and a switch is connected with it, the engine and nine cars were thrown from the track, and Conners, who was riding in the engine cab, was killed.   When found, his neck was broken, his head and neck were badly bruised and cut, but there was no indication of scalding or burning found on the body.   The plaintiff claims that the rails on the track and switch did not come together properly, and that there was a dangerous projection of the rails at the point of connection; that the engine was new and stiff, difficult to control, and unsafe in passing over curves and switches at a high rate of speed; that at the time of the accident the train was being run at a high and dangerous rate of speed, in violation of the rules of the defendant, and that the accident and consequent death of Conners resulted from these causes.   It is further claimed that the defendant was negligent in permitting the alleged defect in the track to exist, in using an engine not adapted to the track nor easily controlled, and in running its trains at too high a rate of speed.   The defendant denies the charge of negligence, and alleges that the death of Conners was the result of his own negligence.   This is the third appeal which has been taken in this cause.   The opinions filed on the former appeals will be found in 71 Iowa, 490, and 74 Iowa, 383.

I. The evidence tended to show that it was con-

trary to the rules of the defendant, and dangerous, to run its freight trains through stations and over switch connections at a higher rate of speed than eight miles an hour; and that, when the train in question reached the place of the accident, it was being run at the rate of twenty-five or thirty miles an hour. The evidence as to the place Conners should have occupied when his train reached the vicinity of the accident was conflicting, but some of it tended to show that he should have been at the brakes on cars near the engine. In that condition of the evidence the defendant asked the court to instruct the jury as follows: "Even if Conners did not contribute to the cause of the derailment of the train, yet if he, by voluntarily remaining in the cab of the locomotive, in violation of defendant's rules or regulations, was killed by remaining in the cab, and thus contributing to his own death, then your verdict should be for defendant." The instruction was defective, in ignoring the fact that, if the rules or regulations to which it referred were as claimed by the defendant, they may have not been known to the decedent. The eighth paragraph of the charge given incorporated the substance of the instruction refused, with the further condition that to defeat a recovery the rules or regulations must have been known to the decedent. We think the statement of the law thus given was correct, as applied to the facts in this case. It is said that certain paragraphs of the charge are erroneous, and in conflict with the eighth and other paragraphs. An examination of the entire charge satisfies us that this objection is not well founded. The paragraphs criticised were designed to meet different theories in regard to the effect of the evidence, and were correct.

II. The eleventh paragraph of the charge instructed the jury, in effect, that, if Conners remained in the

*Margin note: 1. RAILROADS: injury to brakeman: contributory negligence by violation of rules: instructions to jury.*

2. ——: ——:
duty to avoid
results of
negligence:
instructions
to jury.

engine cab, in violation of the regulations of the defendant, until it was too late for him, by applying the brakes, to have slackened the speed of the train sufficiently to avert the accident, and that the engineer knew the fact, and could, by the exercise of ordinary care, have averted the accident, but failed to do so, then the negligence of Conners would not defeat a recovery. The defendant contends that there was no evidence upon which to base that portion of the charge. The engineer knew that Conners was not in a position to set the brakes, and that the train was approaching the station of Northwood at too high a rate of speed, but he failed to shut off steam, and the jury might have found that he did not signal for brakes. It is true he might not have anticipated the very accident which occurred, but he knew that the rate of speed was dangerous, and that it might cause an accident of some kind at the switch or curve, or in passing through the station, and it was his duty to use at least ordinary care to guard against it. The conductor and rear brakeman were setting brakes, and had set several before the accident occurred. Had the engineer used the appliances at his command to reduce the rate of speed when he saw that Conners was not setting brakes, the accident might perhaps have been avoided.

III. The appellant insists that the court erred in permitting one Parsons to testify in regard to the probability that the engine would be derailed by the alleged defect in the switch connection. The additional abstract shows, however, that no objection was made to the testimony; therefore no question in regard to it is before us. Objections in addition to those already considered are made to portions of the charge, mainly on the ground that they were not authorized by the evidence. Without pointing out such objections more definitely, it is sufficient to say that the

charge, so far at least as it has been questioned on this appeal, is correct, and applicable to the facts of the case as disclosed by the pleadings and evidence.

The evidence of negligence in the particulars charged was ample to sustain the verdict rendered; and we find no ground for disturbing the judgment of the district court.

It is, therefore, AFFIRMED.