## DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 6235. Decided September 22, 1906.]

MARY F. BROWN, *in Her Own Behalf and as Guardian Ad Litem for Bessie Brown et al., Appellant,* v. NORTHERN PACIFIC RAILWAY COMPANY *et al., Respondents.*[1]

MASTER AND SERVANT—COLLISION OF TRAINS—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. In an action for the death of a locomotive engineer, killed in a collision, within terminal grounds, the evidence conclusively establishes the contributory negligence of the deceased, so that there is no room for difference of opinion in the minds of reasonable men, and the case is properly taken from the jury, where it appears that deceased was in the sole charge of his train and the brakes, and familiar with the location, and required to know the rule that all trains must approach and pass through the yards "under full control," i. e., so as to be able to stop within vision, and that he collided with the engine in the terminal grounds, while day was breaking, and while going at the rate of at least eight miles an hour, the distance of unobstructed view being seven hundred feet, and that his failure to observe the rules directly contributed to his injury; as disobedience of rules contributing to the injury conclusively establishes negligence.

APPEAL—REVIEW—HARMLESS ERROR. Error cannot be assigned upon the allowance of an amendment of an answer interposing the defense of the negligence of a fellow servant, where the case was withdrawn from the jury solely upon the ground of defendant's contributory negligence, which was pleaded before trial.

APPEAL—REVIEW—HARMLESS ERROR—REMARKS OF COUNSEL. It will not be assumed that improper remarks of counsel made in the absence of the jury, upon the argument of a motion for a nonsuit,

[1] Reported in 86 Pac. 1053.

improperly influenced the trial court, where the record does not show that fact, and where the nonsuit was properly granted upon the evidence.

COURTS—POWER TO CORRECT FORMER RULING. It is not beyond the power of a trial court to reverse its ruling denying a motion for a nonsuit, where immediately after the oral announcement extensive arguments followed, and no judgment or formal order was made, the motion having at first been considered as merely formal.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered July 29, 1905, in favor of the defendants, upon sustaining a challenge to the evidence at the close of plaintiff's case, dismissing an action for damages for the death of a railroad engineer killed in a collision. Affirmed.

*Barnes & Latimer*, for appellant. Contributory negligence is always a question for the jury, except in rare cases, and such cases must be where the minds of men could not reasonably differ. 1 Shearman and Redfield, Law of Negligence, § 114; *McQuillan v. Seattle*, 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799; *Ladouceur v. Northern Pacific R. Co.*, 4 Wash. 38, 29 Pac. 942; *Steele v. Northern Pacific R. Co.*, 21 Wash. 287, 57 Pac. 820; *Burian v. Seattle Electric Co.*, 26 Wash. 606, 67 Pac. 214; *Grand Trunk R. Co. v. Ives*, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485. Inference of care arises in favor of one deceased, from the instinct of self-preservation. 1 Shearman and Redfield, Law of Negligence, § 111. The question of due care is one of fact under the circumstances surrounding the party at the time of the accident. *Steele v. Northern Pacific R. Co.*, 21 Wash. 287, 57 Pac. 820; *Gallagher v. Buckley*, 31 Wash. 380, 72 Pac. 79; *Chicago etc. R. Co. v. Eaton*, 194 Ill. 441, 62 N. E. 784, 88 Am. St. 161; 4 Current Law, pp. 598-601; *Louisville etc. R. Co. v. East Tennessee etc. R. Co.*, 60 Fed. 993.

*Edward J. Cannon*, and *Sullivan, Nuzum & Nuzum*, for respondents. The allowing of amendments is discretionary and will not be disturbed except for apparent abuse thereof.

*Richmond v. Irons*, 121 U. S. 27, 7 Sup. Ct. 788, 30 L. Ed.
864; *Hanson v. Michelson*, 19 Wis. 525; *Connalley v. Peck*,
3 Cal. 75; *Thorn v. Smith*, 71 Wis. 18; *Garrison v. Goodale*,
23 Ore. 307, 31 Pac. 709; 1 Ency. Plead. & Prac. p. 524,
note 4; *Skagit R. Co. v. Cole*, 2 Wash. 57, 25 Pac. 1077.
There was sufficient evidence of contributory negligence, and
the nonsuit was properly granted. *Patton v. Texas etc. R.
Co.*, 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361; *Phoenix
Mut. Life Ins. Co. v. Doster*, 106 U. S. 30, 1 Sup. Ct. 18,
27 L. Ed. 65; *Griggs v. Houston*, 104 U. S. 553, 26 L. Ed.
840; *Schofield v. Chicago etc. R. Co.*, 114 U. S. 615, 5
Sup. Ct. 1125, 29 L. Ed. 224; *New York etc. R. Co. v. Difen-
daffer*, 125 Fed. 893; *Dunworth v. Grand Trunk Western R.
Co.*, 127 Fed. 307; *Steeples v. Panel & Folding Box Co.*, 33
Wash. 359, 74 Pac. 475; *Beltz v. American Mill Co.*, 37
Wash. 399, 79 Pac. 981; *Johnson v. Anderson etc. Lumber
Co.*, 31 Wash. 554, 72 Pac. 107; *Woods v. Northern Pacific
R. Co.*, 36 Wash. 658, 79 Pac. 309. An employee is bound
to obey all the reasonable rules of his employer with reference
to the conduct of his business. *Nordquist v. Great Northern
R. Co.*, 89 Minn. 485, 95 N. W. 322; *Green v. Brainerd etc.
R. Co.*, 85 Minn. 318, 88 N. W. 974; *Gordy v. New York
etc. R. Co.*, 75 Md. 297, 23 Atl. 607, 32 Am. St. 391; *Con-
nors v. Burlington etc. R. Co.*, 74 Iowa 383, 37 N. W. 966;
*Ford v. Chicago etc. R. Co.*, 91 Iowa 179, 59 N. W. 5, 24
L. R. A. 657.

HADLEY, J.—This is an action to recover damages for the
death of William A. Brown. The suit was brought by
Mary E. Brown, the surviving wife of the deceased, in her
own behalf, and also as guardian *ad litem* in behalf of the
minor children of herself and deceased. The Northern Pa-
cific Railway Company, Edward Bosworth and Alex. Walker
were made parties defendant. Brown met his death in a
railway collision on the Northern Pacific line, and Bosworth
and Walker were respectively the conductor and engineer of

the train with which Brown's train collided. The complaint charges negligence against all of the defendants. The answers put in issue the essential allegations of the complaint, and interposed the defense of contributory negligence. At the trial certain amendments to the answers were permitted, which need not be explained at this time. The cause came on for trial before a jury and, at the close of the testimony submitted by the plaintiff, the defendants challenged the sufficiency of the evidence to sustain a verdict for the plaintiff, and moved that the cause be withdrawn from the jury and judgment entered in favor of the defendants. The motions were granted on the ground that the evidence conclusively showed contributory negligence on the part of the deceased. Judgment was accordingly entered, and the plaintiff has appealed.

The principal question involved is that of contributory negligence, and it is assigned that the court erred in sustaining the challenge to appellant's evidence, and in taking the case from the jury. The evidence discloses the following facts: At the time of the accident, the deceased was the head engineer in charge of an extra freight train, known as "No. Extra 68." The train was being drawn by a small standard engine in charge of deceased, and also by a large consolidated engine immediately behind the small one, which was in charge of another engineer. The deceased had charge of the air, and was in sole control of the train. This train had proceeded from Hope, Idaho, to Trout Creek, Montana, where the accident occurred. At Hope the deceased's train was passed by regular freight train No. 54, which was going in the same direction, and which proceeded to Trout Creek under orders, where it arrived at 2 a. m. At Trout Creek the crew of No. 54 were under orders to make more track room in the yards, by moving cars from one track to another, and they were so engaged when the collision occurred. Some ten or fifteen minutes after No. 54 left Hope, the deceased's train followed it to Trout Creek, and it was while this train

was running through the yards at the latter place at 2:30 a. m. that the accident occurred. The engine of No. 54 was at the time engaged in drawing cars from a sidetrack out upon the main line, preparatory to replacing them upon sidetracks so as to make more yard room. The head of the engine was toward the cars that were moving, and the engine was drawing the cars after it as it moved backward with its rear or tender toward the west, from which direction the deceased's train came. As the latter train approached from the west, its head engine in charge of the deceased struck the tender of the engine engaged in switching, and as a result of the collision the deceased lost his life.

Trout Creek was a terminal on the railway line, so called because it was the end of a division of the road, and extensive yards and sidetracks were there provided for terminal purposes. The deceased had been on this run for some time, and was therefore aware that the train was approaching, and running through, terminal yards. As an engineer he was required to be conversant with the rules of the railway under which all engineers and trainmen operated. One of these rules provides that all trains must approach and pass through yards under full control. According to the testimony of plaintiff's witnesses, "under full control" means that the train must be regulated at such speed as will enable. the engineer to stop it within his vision, no matter how short a space that may be. One witness expressed the meaning of the rule as follows: "If I can stop in going twenty miles an hour in plenty of time, or be able to stop in ten feet if I had to." It was also testified that the engineers of extra trains are, at any time of day or night, charged with knowledge that there is liable to be an obstruction upon the main line within terminal yards, and that when an engineer is approaching any place where he thinks, or has reason to know, that there may be an obstruction on the main line, it is his duty to arrange his speed in accordance with the distance of his vision.

Fairly stated, the evidence shows the speed of deceased's

train at the time of the accident to have been at least eight miles an hour, and the distance of unobstructed view before reaching the scene of the accident about seven hundred feet. The time was 2:30 a. m. on the 13th of June, and the location was an elevated one in the mountains. Day was beginning to break, and although it was not yet fully light there was some daylight. There was some testimony that the train on its way had passed through banks of fog, but it does not appear that there was more than a very slight fog in the yards at the time. The location was a mile from the river along which the fogs usually hung, and it was also some distance from the hills around. Witnesses testified that they saw no lights upon the rear of the engine which was struck by the engine in charge of the deceased. The evidence upon that subject was merely negative in its character, as no witness testified positively that there were no such lights. Their observation in that regard was after the collision, which had disarranged the entire rear part of the engine. The collision was of such force that it practically destroyed the engine on which the deceased was riding. The brakes and couplings of the train were in good repair and were operating properly at the time. These were under full control of the deceased as the head engineer. The engineer of the second engine had no control of the air brakes, they being placed entirely under control of the head engineer.

Under the evidence submitted by appellant, we see no escape from the conclusion that the deceased violated the established rules as to the speed of his train at the place of the accident, and that the collision would not have occurred but for his neglect. He was familiar with the location and character of the place and, as an engineer, he was bound to know that the main track within these terminal grounds was liable to be obstructed at any time of the day or night. Knowing this, it was his duty to observe the established rules and to so control the speed of his train as he approached these grounds, and when within their limits, that he could stop it at

any point within the range of his vision. It is manifest from the evidence that he did not so control it, although it was within his power so to do, and that his failure to do so contributed directly to his injury and death. An employee is bound to obey all of the reasonable rules and instructions of his employer with reference to the conduct of his business.

"Disobedience of such rules, if it contributes directly to the injury of the employee, conclusively charges him with negligence, which will bar any recovery of damages for his injury. *Green v. Brainerd & N. M. Ry. Co.,* 85 Minn. 318, 88 N. W. 974. This rule is based upon the plainest principles of justice and sound public policy, for upon a prompt compliance with such rules, especially in the railway service, depends the safety of not only property, but of human life and limb." *Nordquist v. Great Northern R. Co.,* 89 Minn. 485, 95 N. W. 322.

See, also, *Gordy v. New York etc. R. Co.,* 75 Md. 297, 23 Atl. 607; *Conners v. Burlington etc. R. Co.,* 74 Iowa 383, 37 N. W. 966; *Ford v. Chicago etc. R. Co.,* 91 Iowa 179, 59 N. W. 5, 24 L. R. A. 657 and note.

Appellant, however, contends that the question of contributory negligence was for the jury. This court has frequently held that it is ordinarily for the jury, but it has also uniformly adhered to the doctrine that when there is no room for difference of opinion in the minds of reasonable men as to the existence of contributory negligence, it is the duty of the court to decide, as a matter of law, that such negligence exists, and to take the case from the jury. We think this is such a case, and that the court did not err in withdrawing the case from the jury within the following decisions of this court: *Johnson v. Anderson etc. Lum. Co.,* 31 Wash. 554, 72 Pac. 107; *Steeples v. Panel etc. Box Co.,* 33 Wash. 359, 74 Pac. 475; *Beltz v. American Mill Co.,* 37 Wash. 399, 79 Pac. 981.

It is assigned that the court erred in permitting the respondents to amend their answers during the trial so as to interpose the defense of assumption of risk, and also in per-

mitting the respondent railway company to further amend by
interposing the defense that the deceased met his death by
reason of the act of a fellow servant. The court, however,
determined the case solely upon the ground of contributory
negligence, which was a defense in the pleadings before the
trial began and was therefore regularly before the court at the
time appellant's testimony was submitted. No evidence was
submitted under these new defenses, and no question arising
therefrom was determined against appellant. Appellant was
not prejudiced by the amendments, in view of the fact that
the case was determined entirely with reference to another
defense, which alone has been considered by this court.

Error is assigned upon the alleged misconduct of Mr.
Bunn, who was counsel for respondent Northern Pacific Rail-
way Company at the trial. The misconduct charged con-
sisted in the following remark made by said counsel to the
court during the argument on motion for nonsuit:

"I want to say here that this is the second time in ten
years where I have been in court to defend just such a similar
case, and if the result of this case is as it must be, if the
court will sustain my motion now or hereafter, I shall do my
best, and I promise in the presence of my Maker to take care
of her and her children for the rest of their life, and I have
yet to have a recommendation in such a matter turned down
at the St. Paul office."

The remark was not made in the presence of the jury, the
jury having withdrawn during the argument on the motion,
and, in any event, the cause was not submitted to the jury. It
is suggested, however, that the remark may have influenced
the court to grant a nonsuit. The record does not show such
to be the fact, and this court will not assume that a trial
court has been improperly influenced by remarks of counsel.
It is true, the remark was improper and should not have been
made. If it had been made before a jury that afterwards
passed upon the facts, a serious question of error might have
arisen. The trial court determined the case upon the same
evidence which has been reviewed by this court, and it has

been determined here as well as below upon appellant's evidence and not upon the remarks of counsel. Further argument upon this subject, made by appellant in connection with the next assignment of error, we shall mention below.

It is contended that the court reversed its own ruling upon the motion for nonsuit, that it erred in so doing, and that the result may have been induced by the remark of counsel above discussed, the remark having been made after the first ruling and before the last. So far as any effect of counsel's remark upon the mind of the court is concerned, what we have said before sufficiently disposes of that subject. With reference to the ruling upon the motion for nonsuit, the record does show that immediately after the formal motion was made, the court announced that the motion would be denied. This was immediately followed, however, by extensive arguments upon the motion by counsel upon both sides, the arguments appearing in the record. At the conclusion of the arguments, the court granted the nonsuit and discharged the jury. When its former announcement was called to the attention of the court, it remarked that it at first believed that the motion was merely formal, and for that reason the announcement was promptly made. The court did not err in its last ruling. After hearing the arguments of counsel, it was the duty of the court to consider the evidence as reviewed by counsel and, if it was convinced that a new trial would have to be granted if a verdict should be returned for appellant, it was its duty to grant the nonsuit. There was no judgment set aside. The court simply changed its mind as to the correctness of a mere oral announcement it had hurriedly made during the progress of the trial. If courts should not be permitted to correct such mistakes during a trial, before they have become merged into some formal order or judgment, useless protraction of litigation and unnecessary expense would result.

We find no reversible error, and the judgment is affirmed.

MOUNT, C. J., FULLERTON, DUNBAR, and CROW, JJ., concur.