CHICAGO, R. I. & P. RY. CO. v. SHIP.

(Circuit Court of Appeals, Eighth Circuit. December 13, 1909.)

No. 3,002.

1. MASTER AND SERVANT (§ 243*)—INJURIES TO SERVANT—RAILROADS—VIOLATION OF RULES—NEGLIGENCE.

Railroad rules provided that extra trains within yard limits must protect themselves, and that trains passing through station yards must be under control, expecting to find the main track occupied. Plaintiff, the engineer of an extra freight, after coming within the yard limits at a terminal, saw a dark streak from 200 to 250 feet ahead of him, which he took to be a shadow caused by a car standing on a side track. When he approached within 60 feet, he saw that one of a string of freight cars which had been on the side track was on the main track ahead of him, whereupon he shoved down the brake valve into the emergency and jumped, and sustained injuries. As a result of the collision, a box car was torn up, several of the cars on the side track were derailed, the engine jumped the track after running two or three car lengths and turned sideways, three cars behind the engine were derailed and torn from their trucks, and one of them was so badly broken that it had to be burned. *Held*, that plaintiff had violated the rules specified, and was therefore guilty of negligence as a matter of law, precluding a recovery.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 682, 759–775; Dec. Dig. § 243.*]

2. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—INTERPRETATION—QUESTION FOR COURT.

Railroad rules, governing the operation of trains, claimed to have been violated by a servant, suing for injuries resulting from a collision, are to be interpreted by the court, and not by the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1127; Dec. Dig. § 289.*]

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

Action by John T. Ship against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Thomas S. Buzbee, for plaintiff in error.

Ulysses S. Bratton, for defendant in error.

Before SANBORN, Circuit Judge, and CARLAND and POLLOCK, District Judges.

CARLAND, District Judge. On September 13, 1907, at about half-past 8 o'clock in the evening, Ship was in the employ of the railway company as a locomotive engineer, in charge of engine No. 1838, which was hauling an extra freight train of loaded and empty cars in the yards of the company at Argenta, Ark. While thus employed he saw ahead of him, about 200 or 250 feet, a dark streak, which he then supposed was caused by cars standing upon a side track. When he had approached within 60 feet of what had appeared to him as a dark streak, he discovered that one of a string of freight cars which were on a side track was on the main track ahead of him. He immediately

shoved the brake valve into the emergency and jumped from the engine. In so doing he received personal injuries, for which he recovered a judgment in the trial court.

In his petition he specified two grounds of negligence: A defective and insufficient headlight on the engine, and a failure on the part of the railway company to properly protect the box car on the main track with proper lights. After Ship had jumped from the engine, a collision occurred by the engine and train coming in contact with the box car. As a result of this collision, the box car, which was loaded with lumber, was badly torn up, and part of the lumber thrown into the next car behind it. Several of the cars on the side track were derailed. The engine ran two or three car lengths after it struck the box car, then jumped the track, and turned sideways. Three cars behind the engine were derailed and torn from their trucks. One car behind the engine and one in front were broken up so badly that they had to be burned. The rules governing the movement of trains, under which Ship was working, were contained in a book of rules and a time-card. Rule 97 in the book of rules reads as follows:

"Yard limits will be indicated by yard limit boards. Within these yard limits, yard engines may occupy main tracks protecting themselves against overdue trains. Extra trains must protect themselves within yard limits."

Rule No. 16 of the time-card reads as follows:

"Trains must be under control when passing through station yards, where engines are employed expecting to find main track occupied."

Ship knew he was within the limits of a yard of the company in which engines were employed, Argenta being a division point in reference to freight traffic, and he also knew of the above rules. Upon these undisputed facts, counsel for the railway company requested the court to direct a verdict in its favor. The refusal of the court so to do is now assigned as error. We think the court ought to have granted the request. The facts stated clearly show that Ship violated both of the foregoing rules made for his benefit, and therefore was guilty of negligence which directly contributed to his injuries. The nonobservance of these rules was negligence as a matter of law. Great Northern Ry. Co. v. Hooker (C. C. A.) 170 Fed. 154; Kansas, etc., v. Dye, 70 Fed. 24, 16 C. C. A. 604; St. Louis & S. F. Ry. Co. v. Dewees, 153 Fed. 56, 82 C. C. A. 190; Missouri, K. & T. Ry. Co. v. Collier, 157 Fed. 347, 88 C. C. A. 127; Nordquist v. Great Northern Ry. Co., 89 Minn. 485, 95 N. W. 322; Scott v. Eastern Ry. Co., 90 Minn. 135, 95 N. W. 892; Brown v. Northern Pacific Ry. Co., 44 Wash. 1, 86 Pac. 1053.

Rule 97 provided that extra trains within yard limits must protect themselves. Rule 16 provided that trains, when passing through station yards, must be under control expecting to find main track occupied. The physical facts that appeared as a result of the collision clearly show that the extra train did not protect itself, nor was it under control, expecting to find main track occupied. As in the case of Great Northern Ry. Co. v. Hooker, supra, decided by this court, so in this case, the trial court seemed to leave the interpretation of the rules above mentioned to the jury as matter of fact. In reference to

this practice the language used by Judge Van Devanter in the case last cited, is pertinent.

"The trial court treated the interpretation of the rules prescribing the plaintiff's duty in the premises as a question of fact to be determined by the jury. But we are of opinion that it was a question of law to be determined by the court. Not only were the rules in the nature of a written instrument, but they contain no terms the meaning of which was not made plain by them; and, this being so, effect should have been given to the general rule that the interpretation of a written instrument rests with the court, and not with the jury. Bell v. Bruen, 1 How. 169, 183 [11 L. Ed. 89]; Goddard v. Foster, 17 Wall. 123, 143 [21 L. Ed. 589]; Higgins v. McCrea, 116 U. S. 671, 682 [6 Sup. Ct. 557, 29 L. Ed. 764]; Scanlan v. Hodges, 52 Fed. 354, 3 C. C. A. 113; Bowes v. Shand, L. R. 2 App. Cas. 455; 1 Labatt, Master and Servant, § 215. Moreover. it is held by this court that the reasonableness of such rules is to be determined by the court as a question of law, and not by the jury as a question of fact. Kansas, etc., Co. v. Dye, 70 Fed. 24, 16 C. C. A. 604; Little Rock, etc., v. Barry, 84 Fed. 944, 28 C. C. A. 644 [43 L. R. A. 349]. See, also, Scott v. Eastern Ry. Co., 90 Minn. 135, 140, 95 N. W. 892; Bailey's Personal Injuries. § 3325. And it would seem that by analogy a like holding should be made when the question is one of interpretation."

Judgment reversed and new trial ordered.