[No. 27208. *En Banc.* February 20, 1939.]

H. H. SCHMIDT, *Respondent,* v. E. E. PELZ *et al.,*
*Appellants.*[1]

*John Wesley Dolby,* for appellants.

*A. A. Seijas,* for respondent.

[1]Reported in 87 P. (2d) 278.

BLAKE, C. J.—While engaged in cleaning gutters on defendants' house, plaintiff fell from the roof and sustained injuries for which he seeks damages in this action. From judgment entered on a verdict in his favor, defendants appeal.

Of several assignments of error, we shall discuss the following: (1) Challenging the sufficiency of the evidence to sustain the verdict; (2) the denial of a requested instruction.

*First:* Respondent's cause of action is predicated upon the inadequacy of a rope furnished by appellants for his use in connection with the work.

According to the allegations of respondent's complaint and his evidence, Pelz furnished him with a three-quarter inch rope, from thirty to thirty-five feet in length, with which to anchor himself to a chimney while working on the gutters. Respondent testified that, in accordance with Pelz's instructions, he tied one end of the rope around a chimney and the other end around his waist; that, while he was at work cleaning out the gutters, the rope broke at a point about eighteen inches from his body; that, in consequence, he fell to the ground.

Shortly after respondent fell, Mrs. Pelz came out of the house. She testified that respondent then told her that his fall was due to the slipping of the knot by which he had made the rope fast to his body.

Under this state of the evidence it would seem clear that the issues of negligence, contributory negligence, and assumption of risk were for the jury. Since appellants undertook to furnish a rope for respondent's use in the performance of his work, it was their duty to furnish one adequate for the designed use. No suggestion is made that there was any patent defect in the rope such as would charge respondent with assumption of the risk of using it. On the contrary,

it was the theory of appellants that the rope was adequate for the designed purpose. If, however, respondent's version of his fall is accepted, the rope was not a reasonably safe instrumentality for his use in cleaning the gutters. Clearly, whether the rope broke or whether the knot slipped was for the jury to determine.

*Second:* There was no one at appellants' house at the time respondent went there to commence work. He went to a neighboring house and telephoned to Pelz at the latter's office. Pelz told him that Mrs. Pelz would be home shortly. Pelz testified that he also told respondent that he himself was coming home, and that respondent should not start to work until he arrived. Respondent, however, commenced work and fell shortly before Pelz got home.

Appellants requested an instruction to the effect that, if Pelz warned respondent not to commence the work until the former got home and the latter violated the instruction, he *"assumed the risk* in proceeding with said work and he cannot recover."

Although the italicized words in the quoted portion of the instruction are technically incorrect, the appellants were entitled to an instruction in substance as requested, covering the issue presented. For the general rule, to which this court is committed, is that disobedience by an employee of reasonable rules or orders of the employer constitutes such negligence as will preclude recovery. Where there is no dispute in the evidence as to disobedience, recovery is denied as a matter of law. *Brown v. Northern Pac. R. Co.,* 44 Wash. 1, 86 Pac. 1053. But where disobedience is denied—as in this case by respondent—the question is for the jury.

The reason given for refusal of the request was that Mrs. Pelz was present directing respondent in his work. We do not think the evidence justified the

court in making that conclusion rather than leaving it for the jury. As we read the evidence in this connection, we think the jury might well have found that, at such times as she was present while respondent was working, she was there merely to lend assistance by emptying the bag, which respondent lowered to the ground, filled with refuse from the gutters. Respondent himself testified that the contract of employment and all arrangements for the work were made by Pelz. We think, therefore, refusal to give the requested instruction was error so prejudicial as to call for reversal.

■ In so holding, we have no intention of departing from the rule that requested instructions must be in substance correct statements of the law on the issue covered in order that error may be predicated on refusal to give them. But we think that to hold the request insufficient because disobedience of the order was described as an assumed risk, rather than as contributory negligence, would be sacrificing substance to form.

Since the refusal to give the requested instruction necessitates reversal and remanding for new trial, we think it unnecessary to discuss other assignments of error. We may say, however, there is one assignment which is not entirely without merit. Appellants charge that, in the examination of a juror, respondent's counsel injected the idea of indemnity insurance into the trial and followed it up in his final argument to the jury. Whether, under the circumstances, the examination of the juror and the comments in the final argument constitute prejudicial misconduct, we need not decide. For we feel it is altogether unlikely that the incidents will occur again.

The judgment is reversed, and the cause remanded with directions to grant a new trial.

MAIN, BEALS, STEINERT, GERAGHTY, and ROBINSON, JJ., concur.

MILLARD, J. (dissenting)—I dissent. The motion for judgment n. o. v. should have been granted, as respondent was an independent contractor. Whether the rope was defective, whether respondent fell by reason of the rope breaking or because the knot slipped on the rope, are questions of no importance in view of respondent's status.

SIMPSON, J., concurs with MILLARD, J.